# SERRINS & ASSOCIATES LLC

233 BROADWAY  SUITE 2340  NEW YORK, NY 10279  212-384-0202  FAX 212-233-3801  WWW.SERRINSLAW.COM

ALAN SERRINS, ESQ.
COREY STEIN, ESQ.

CYBILL ECHEGOYEN
ADMINISTRATOR/PARALEGAL
JENA SILVERMAN
LAW CLERK

OF COUNSEL
CHARLES J. SCIARRA, ESQ.
JEFFREY D. CATRAMBONE, ESQ.
DAVID WHITE, ESQ.
ERIC FRANZ, ESQ.

Writer's email: corey@serrinslaw.com
Writer's direct dial: 212-384-0202 ext. 120

May 16, 2018

**VIA ECF**
Honorable Peggy Kuo
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Peter Francis et al. v. Ideal Masonry, Inc. et al.
Case No.: 16-cv-02839 (NGG) (PK)

Dear Judge Kuo:

This firm represents Plaintiffs Peter Francis and Michael George in the above-captioned matter.  I write in accordance with this Court's Order of May 8, 2018, which was entered via ECF on May 9, 2018, directing Plaintiffs to file a letter by May 22, 2018 supplementing and updating their backpay calculations.

On May 5, 2017, Plaintiffs filed a Motion for Default Judgment with the Court. As indicated in Plaintiffs' Memo of Law and supporting documentation, as of April 13, 2017, Plaintiffs Peter Francis and Michael George had accrued $183,564.80 and $223,471.89 in backpay respectively. From April 13, 2017 through the present, Plaintiffs have accrued additional backpay as follows:

**Plaintiff Peter Francis**

As noted in Plaintiffs' Memo of Law and supporting documentation, while working for Defendants, Plaintiff Peter Francis earned approximately $78.00 per hour and worked approximately 35 hours per week. As such, between April 13, 2017 and the present, Plaintiff Peter Francis accrued an additional $152,880.00 in backpay, not inclusive of mitigation.

From April 2017 to present, Plaintiff Francis mitigated his damages, earning approximately $68,893.51. *See* Declaration of Peter Francis, dated May 16, 2018 ("Francis Dec."), ¶¶ 3–12; Exhibits 1–4. Accordingly, the supplemental amount of backpay to be included in Plaintiff Peter Francis's damage calculation is $83,986.49. *See id.* at ¶ 13. When added to Plaintiff

Francis's initial backpay calculation in the amount of $183,564.80, which accrued from his date of termination through April 13, 2017, Defendants' total indebtedness to Plaintiff Francis in the form of backpay amounts to $267,551.29. *See id.* at ¶ 14.

**Plaintiff Michael George**

As noted in Plaintiffs' Memo of Law and supporting documentation, while working for Defendants, Plaintiff Michael George earned approximately $72.00 per hour and worked approximately 35 hours per week. As such, between April 13, 2017 and the present, Plaintiff Michael George accrued an additional $141,120.00 in backpay, not inclusive of mitigation.

From April 2017 to present, Plaintiff George mitigated his damages, earning approximately $25,000.00. *See* Declaration of Michael George, dated May 16, 2018 ("George Dec."), ¶ 3. Accordingly, the supplemental amount of backpay to be included in Plaintiff Michael George's damage calculation is $116,120.00. *See id.* at ¶ 4. When added to Plaintiff Michael George's initial backpay calculation in the amount of $223,471.89, which accrued from his date of termination through April 13, 2017, Defendants' total indebtedness to Plaintiff George in the form of backpay amounts to $339,591.89. *See id.* at ¶ 5.

**Interest**

Plaintiffs are also entitled to interest on these backpay awards. "Under Title VII, a district court has the discretion to grant prejudgment interest on a back pay award." Walia, 160 F. Supp. 2d at 388. "In fact, 'it is ordinarily an abuse of discretion not to include pre-judgment interest in a back pay award.'" Id. (internal citations omitted). "Courts in this Circuit considering mixed federal and state law judgments in which back pay is awarded have applied the rate set forth in 28 U.S.C. § 1961(a), *i.e.*, the federal judgment rate and not the New York State rate." Zakre v. Norddeutsche Landesbank Girozentrale, 541 F. Supp. 2d 555, 570 (S.D.N.Y. 2008); see also Walia, 160 F. Supp. 2d at 388–89 ("Many courts in this circuit have set the prejudgment interest rate at the United States 52-week treasury bill rate referred to in 28 U.S.C. § 1961(a)").

The current federal rate pursuant to the 52-week treasury bill rate is 2.22%. Thus, the prejudgment interest owed on Plaintiffs Francis and George's backpay awards is $5,939.64 and $7,538.94 respectively. When added to their backpay damages, Defendants owe Plaintiff Francis **$273,490.93** and Plaintiff George **$347,130.83** in backpay and prejudgment interest.

Defendants are also indebted to Plaintiffs for emotional distress damages and attorneys' fees as set forth in Plaintiff's original motion papers.

Respectfully Submitted,

Corey M. Stein, Esq. (CS3863)\

Enc.