UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____
PETER FRANCIS and MICHAEL GEORGE,

                      Plaintiffs,

        -against-

IDEAL MASONRY, INC., ROCKY'S
CONSTRUCTION, INC., and RAKID ("ROCKY")
VRLAKU,

                    Defendants.
_____

**MEMORANDUM & ORDER
16-CV-2839 (NGG) (PK)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiffs Peter Francis and Michael George brought this action against Defendants Ideal Masonry, Inc. ("Ideal"), Rocky's Construction, Inc. ("Rocky's"), and Rakid Vrlaku, alleging violations of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, and the Administrative Code of the City of New York, § 8-101 *et seq.* Pending before the court is Defendants' Motion to Vacate the Default Judgment, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (*See* Mot. to Set Aside J. ("Mot.") (Dkt. 27).) The court referred the pending motion to Magistrate Judge Peggy Kuo, who issued a Report and Recommendation ("R&R") recommending that the court grant Defendants' motion contingent on their payment of Plaintiffs' costs and attorneys' fees. (Sept. 25, 2020 R&R ("R&R") (Dkt. 47) at 12.) Plaintiffs filed a timely objection to the R&R. (*See* Obj. to R&R ("Obj.") (Dkt. 50).) Defendants responded to Plaintiffs' objection, urging the court to adopt Judge Kuo's R&R. (*See* Reply to Pls.' Obj. ("Reply to Obj.") (Dkt. 52).)

As explained below, the court agrees with much of the analysis and several of the findings set forth in the R&R, but it agrees with Plaintiffs' objection that the R&R ascribed insufficient weight to the willfulness of Defendants' default. Accordingly, the court

SUSTAINS Plaintiffs' objection, DECLINES TO ADOPT the R&R, and DENIES Defendants' Motion to Vacate the Default Judgment.

## I.    BACKGROUND

Plaintiffs Michael George and Peter Francis, both of whom are Black males and immigrants, were hired by Defendants in December 2014 and January 2015, respectively. (Compl. (Dkt. 1) ¶¶ 6-7.) They were both fired on April 22, 2015. (*Id.* ¶¶ 34-35.) According to Plaintiffs' Complaint, Defendant Rakid Vrlaku, their supervisor, used racist epithets against them and prohibited them from taking coffee and restroom breaks, and did not subject Plaintiffs' white coworkers to similar treatment. (*Id.* ¶¶ 29-31.)

On June 18, 2015, Plaintiffs filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Decl. of Corey M. Stein ("Stein Decl.") (Dkt. 14-1) ¶ 2.) On March 17, 2016, EEOC issued Plaintiffs Notices of Right to Sue. (*Id.* ¶ 3.) The notices, copies of which were also sent to Defendants, indicate that the EEOC had dismissed Plaintiffs' charges because it was "unable to conclude that the information obtained establishes violations of the statutes." (EEOC Dismissal & Notice of Rights ("EEOC Notices") (Dkts. 27-2, 27-3).)

On June 3, 2016, Plaintiffs filed a Complaint alleging that, as employees of the Defendants, they had suffered discrimination on the basis of race and national origin, endured a hostile work environment, and been wrongfully terminated in retaliation for complaining about discriminatory conduct. (Compl. ¶¶ 28, 33, 38.) On July 5, 2016, Plaintiffs served a copy of the Complaint and Summons on all Defendants through personal service on "John Doe," an individual who represented that he was a co-tenant of Vrlaku and was authorized to accept service on behalf of the corporate defendants, at the address listed as the corporate defendants' place of business on the New York Secretary of

State's website. (Aug. 3, 2018 Report & Recommendation ("Aug. 3, 2018 R&R") (Dkt. 20) at 2-3.)

In September 2016, Plaintiffs' counsel was notified by a resident of Defendants' last known address that Vrlaku had moved to New Jersey and the corporate defendants were no longer based at that address. (Stein Decl. ¶¶ 8-9.) On September 19, 2016, Plaintiffs served a copy of the Summons and Complaint on the corporate defendants through the New York Secretary of State, and on September 20, 2016 Plaintiffs served Vrlaku at his New Jersey residence through personal service on a family member. (*Id.* ¶¶ 11-12.)

Following service of the Complaint, none of the Defendants responded or appeared. The Clerk of Court entered an order of default on October 24, 2016. (Clerk's Entry of Default (Dkt. 13).) Plaintiffs subsequently moved for default judgment, and the court referred the motion to Judge Kuo for an R&R. (Mot. for Default J. (Dkt. 14); May 5, 2017 Order Referring Mot. for Default J.) In an August 3, 2018 R&R, Judge Kuo recommended granting the motion. (Aug. 3, 2018 R&R at 27.) Copies of Plaintiffs' Motion for Default Judgment, a Minute Entry from a subsequent proceeding, and Judge Kuo's R&R were all mailed to the Defendants. (*See* Aff. of Serv. of Mot. for Default J. (Dkt. 15); May 9, 2018 Minute Entry; Aff. of Serv. of R&R (Dkt. 21-1).)

On September 7, 2018, the court adopted Judge Kuo's R&R and entered judgment against Defendants. (Order Adopting R&R (Dkt. 22); Default J. (Dkt. 23).) The court awarded $267,551.29 in back pay and $15,000 in compensatory damages to Plaintiff Francis, $339,591.89 in back pay and $15,000 in compensatory damages to Plaintiff George, prejudgment and post-judgment interest, and $16,133.43 in joint attorney's fees and costs. (Default J. at 1.) Judge Kuo's R&R, as adopted by the court, found that Plaintiffs had properly served the Complaint and Summons on

3

all Defendants. (Aug. 3, 2018 R&R at 5-6.) A copy of the judgment was mailed to Defendants at the same addresses to which Plaintiffs had previously mailed all prior materials.

On October 9, 2018, Defendants appeared for the first time in the case when they filed a Notice of Appeal of the Default Judgment. (*See* Notice of Appeal (Dkt. 24).) Their appeal was later dismissed for failure to proceed. (*See* Mandate of U.S. Court of Appeals (Dkt. 25).) Defendants took no further action in this court until September 6, 2019, when they filed the instant motion, seeking vacatur of the Default Judgment. (*See* Mot.)[1] The court referred the motion to Judge Kuo, who held oral argument on January 23, 2020. (*See* Sept. 9, 2019 Order Referring Mot. to Set Aside Default J.; Minute Entry dated Jan. 23, 2020.) On September 25, 2020, Judge Kuo issued an R&R in which she recommended that the court grant the Defendants' motion, but that it make vacatur of the default judgment contingent on Defendants' payment of Plaintiffs' attorney's fees and costs incurred as a result of Defendants' default. (R&R at 10.) On October 21, 2020, Plaintiffs timely filed an objection to the R&R. (*See* Obj.)

## II.   LEGAL STANDARD

In reviewing a magistrate judge's R&R regarding a dispositive matter, the district court "may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." *Romero v. Bestcare Inc.*, No. 15-cv-7397 (JS) (GRB), 2017 WL 1180518, at *2 (E.D.N.Y. Mar. 29, 2017).[2] The district court must review *de novo* "those portions of the report .

---

[1] Defendant filed the motion 364 days after the entry of the Default Judgment. Federal Rule of Civil Procedure 60 provides that a motion for relief from a judgment or order must be filed "no more than a year after the entry of judgment." Fed. R. Civ. P. 60(c)(1).

[2] When quoting cases, and unless otherwise noted, all citations and quotation marks are omitted and all alterations are adopted.

. . to which objection is made." 28 U.S.C. § 636(b)(1). If, however, an objecting party "makes only conclusory or general objections, or simply reiterates his original arguments," the court reviews the R&R only for clear error. *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008); *see also Mario v. P&C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (holding that plaintiff's objection to R&R was "not specific enough" to "constitute an adequate objection" under Fed. R. Civ. P. 72(b)).

Under Federal Rule of Civil Procedure 60(b), a district court may vacate a judgment for a variety of enumerated reasons, including, *inter alia*, "mistake, inadvertence, surprise, or excusable neglect," "newly discovered evidence," fraud, the satisfaction of the judgment, or "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). "A court may set aside any default that has entered for good cause shown, and if a judgment has entered on the default, the court is authorized to set the judgment aside in accordance with the provisions of Rule 60(b)." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).

"When a district court decides a motion to vacate a default judgment pursuant to the provisions of Rule 60(b), the court's determination must be guided by three principal factors: (1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." *State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 166-67 (2d Cir. 2004). While a motion to vacate a default judgment is "addressed to the sound discretion of the district court," the Second Circuit has "expressed a strong preference for resolving disputes on the merits." *Green*, 420 F.3d at 104. "Accordingly, in ruling on a motion to vacate a default judgment, all doubts must be resolved in favor of the party seeking relief from the judgment." *Id.*

III.   DISCUSSION

A. Willfulness

In the context of deciding whether a litigant's default was willful, the Second Circuit "interpret[s] 'willfulness' . . . to refer to conduct that is more than merely negligent or careless," but rather that is "egregious and . . . not satisfactorily explained." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). Thus, defaults have been deemed "willful" where, for example, defendants appear to have intentionally evaded service or offer "flimsy" or "incredible" excuses, but not where they are attributable to administrative errors or reasonable confusion. *Id.* at 738-39. A court may therefore "refuse[] to vacate a judgment where the moving party ha[s] apparently made a strategic decision to default." *Am. All. Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 60 (2d Cir. 1996).

Defendants offer two independent (and somewhat contradictory) explanations for their default. First, they suggest that they misinterpreted the notices of dismissal from the EEOC as an indication that they had been "fully exonerated" and therefore did not need to respond to Plaintiffs' Summons and Complaint. (Decl. of William T. O'Halloran ("O'Halloran Decl.") (Dkt. 27-1) ¶¶ 5-6.) Second, they suggest Vrlaku was not properly served and that the corporate defendants never received a copy of the Summons and Complaint. (*Id.* ¶¶ 11-12.)

The court agrees with Judge Kuo's determination that these excuses are not credible and do not amount to satisfactory explanations. For one thing, Defendants make no effort to reconcile the implicit contradiction between their two excuses: they claim at the same time to have believed that they did not need to participate in this litigation, thereby implying that they were aware of Plaintiff's lawsuit, and to have been ignorant of the lawsuit altogether. While parties are of course free to allege

6

alternative legal theories, here Defendants instead appear to al-
lege alternative sets of facts. As a result, the court finds both
versions of Defendants' story to be less than credible.

Moreover, neither of Defendants' two explanations holds up
when viewed independently. A defendant's mistaken belief that
participation in a separate proceeding was "sufficient to dis-
charge [its] duties" does not excuse its default, but rather
"indicates . . . [a] willful and deliberate disregard for the litiga-
tion." *Bricklayers & Allied Craftworkers Local 2 v. Moulton
Masonry & Construction, LLC*, 779 F.3d 182, 186-87 (2d Cir.
2015). While a mistaken belief of this nature, "if credited, might
give rise to an inference that their failure to file a responsive
pleading was not in bad faith, a finding of bad faith is not a nec-
essary predicate to concluding that a defendant acted willfully.
Rather, it is sufficient to conclude that [they] defaulted deliber-
ately." *Id.* at 187.

The EEOC notices that Defendants received clearly notify the
complainants of their right to "file a lawsuit against the respond-
ent(s) under federal law based on this charge in federal or state
court" within 90 days of receipt. (EEOC Notices.) A careful read-
ing of the notices therefore makes clear that, far from
"exonerating" the Defendants from any legal liability and absolv-
ing them of the obligation to respond to subsequent litigation,
the notices expressly warned Defendants of Plaintiffs' right to
bring a lawsuit. The EEOC notices were sent to Defendants' coun-
sel, so the alleged confusion as to their significance and effect
cannot be attributed to a lack of sophistication. (*See id.*) The
court is therefore dubious of Defendants' claim that they be-
lieved, based on the EEOC notices, that they had no obligation to
answer the Summons and Complaint. Any such belief was un-
founded and contradicted by the notices' plain text. Furthermore,
even if Defendants were genuinely mistaken, their default was

nonetheless willful because they made a deliberate decision not to respond to the Summons and Complaint.

Defendants' second explanation is equally unsatisfactory. This court already found, in adopting Judge Kuo's August 3, 2018 R&R recommending a default judgment, that all three Defendants were properly served. (*See* Aug. 3, 2018 R&R at 5-6; Order Adopting R&R.) Defendants provide no evidence to cast doubt on that conclusion, apart from the bare declaration that Vrlaku was "never properly served." (O'Halloran Decl. ¶ 11.) Defendants apparently received a copy of the Default Judgment, to which they responded by filing a timely notice of appeal, but they maintain that they did not receive copies of the Complaint and Summons, which were served on them at the same addresses. And they do not indicate whether or not they received prior mailings to the same addresses, such as Plaintiffs' motion for default judgment and Judge Kuo's R&R on that motion. Defendants have therefore failed to adequately establish that they were unaware of this litigation, or to satisfactorily explain how they came to be suddenly aware of it only following the court's entry of the default judgment.

Defendants' conduct and excuses point instead to a different explanation for their default: that it was borne out of a deliberate, strategic choice to be dilatory and evasive. Their conduct subsequent to the entry of the default judgment—particularly their decision to wait until the last possible day to timely file this motion to vacate, even though they were necessarily aware of the default judgment at least eleven months earlier, when they filed a notice of appeal from that order—is consistent with that explanation for their default. The court therefore agrees with Judge Kuo's finding that the Defendants' default was willful.

## B.  Meritorious Defense

"To satisfy the criterion of a 'meritorious defense,' the defense need not be ultimately persuasive at this stage." *Am. All. Ins. Co.*,

92 F.3d at 61. Rather, a meritorious defense is one that is "good at law so as to give the factfinder some determination to make." *Id.* "The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993).

Judge Kuo found that Defendants had raised two defenses that, if proven at trial, would constitute complete defenses to Plaintiffs' claims. First, she found that Defendants had alleged that Plaintiffs were not employed by Rocky's, and that Plaintiffs had failed to adequately allege that Rocky's and Ideal constituted a joint employer under the "single employer" doctrine. (R&R at 6-7.) Second, she found that Defendants denied engaging in discriminatory conduct against Plaintiffs and articulated a non-discriminatory basis for Plaintiffs' termination. (*Id.* at 7-9.) Plaintiffs object to both findings. (Obj. at 8-14.)

The court declines to consider whether Plaintiffs have sufficiently alleged that Rocky's and Ideal were a joint employer, because it agrees with Judge Kuo's finding that Defendants have raised a complete defense to Plaintiffs' claims by contesting Plaintiffs' evidence of discriminatory motive and proffering a non-discriminatory justification for terminating Plaintiffs' employment. Those claims are analyzed under the three-step burden-shifting framework set forth by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Under that framework, the plaintiff bears the initial burden of establishing a prima facie case of employment discrimination by a preponderance of the evidence. If the plaintiff succeeds, the burden shifts to the defendant, who must articulate a legitimate, nondiscriminatory basis for the adverse employment action. If the defendant carries its burden at the second stage, the plaintiff then bears the burden of establishing that the reason proffered by the defendant

is a pretext for discrimination, rather than the true reason for the adverse employment action. *See Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981).

Defendants submitted an affidavit from Defendant Vrlaku and Ideal's president, Pajazit Vrlaku, denying Plaintiffs' claims that Defendants used racial slurs, treated Plaintiffs less favorably than white employees, or engaged in harassment. (Ideal Aff. (Dkt. 46) ¶ 15.) They further assert that they informed Plaintiffs at the time of their hiring that Plaintiffs' employment was conditional on the availability of work, that it might only last a few months given the potential fluctuation in work availability, and that Ideal's policy was that the last employees hired would be the first to be laid off. (*Id*. ¶¶ 4, 8.) They allege that Plaintiffs' employment was terminated due to a lack of available work at the project site and Plaintiffs' lack of seniority relative to other employees. (*Id*. ¶¶ 6, 10.)

Defendants' evidence, if proven at trial, would constitute a complete defense to Plaintiffs' discrimination claims. Assuming (without deciding) that Plaintiffs can carry their prima facie burden, Defendants would easily carry their responsive burden by asserting that their termination of Plaintiffs was based on seniority and a shortage of available work, not on discriminatory motives. Moreover, if Defendants successfully proved at trial that their proffered nondiscriminatory basis for terminating Plaintiffs' employment was the actual reason for termination, and also proved that they had not engaged in the alleged discriminatory conduct, Plaintiffs would be unable to carry their burden of establishing that Defendants' proffered justification was pretextual. Accordingly, Defendants raise a defense that is legally sufficient so as to give the factfinder a determination to make. *See Am. All. Ins. Co.*, 92 F.3d at 61.

The court therefore agrees with Judge Kuo's finding that Defendants have raised a meritorious defense to Plaintiffs' claims.

### C.  Prejudice to Plaintiffs

To establish sufficient prejudice to defeat a motion to vacate a default, a plaintiff must demonstrate not merely "[d]elay alone," but also "that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983). Other district courts in this circuit have declined to vacate a default where the prejudice to the plaintiff can "be rectified in the [c]ourt in another manner," such as making vacatur of the default conditional on the Defendants' payment of Plaintiffs' attorney's fees and costs resulting from the default. *Murray Eng'g, P.C. v. Windermere Props. LLC*, No. 12-CV-52 (JPO), 2013 WL 1809637, at *5 (S.D.N.Y. Apr. 30, 2013).

Judge Kuo found that Plaintiffs failed to demonstrate sufficient prejudice to warrant the denial of Defendants' motion to vacate, and she recommended that the court impose Plaintiff's attorney's fees and costs on Defendants as a condition of granting their motion. (R&R at 9-12.) Defendants object to Judge Kuo's finding. (Obj. at 12-14.)

Plaintiffs argue that if the court vacates the default, they will suffer prejudice beyond mere delay, because Defendants' dilatory and evasive tactics throughout this litigation suggest that they will obstruct and prolong discovery, thereby creating further delays that may cause witnesses' memories to fade and give Defendants an opportunity to dissipate their assets. As Judge Kuo found, Plaintiffs describe the expected prejudicial effects of a delay in somewhat general and speculative terms. They do not, for example, point to specific concerns regarding witness availability or lost evidence. Rather, they argue that because Defendants willfully defaulted, they expect Defendants to continue behaving evasively. While the prejudice that Plaintiffs anticipate they will suffer is lacking in specificity, their concerns are well-founded given Defendants' pattern of conduct throughout this litigation.

The prejudice that Plaintiffs will suffer is not merely the burden of further litigation, but the burden of further litigation with an adversary that has proven itself to be particularly evasive and un-cooperative. While that prejudice is not so severe as to weigh strongly in favor of denying Defendants' motion to vacate, it does not weigh strongly in favor of granting the motion, either.

## D. Balancing of Factors

Finally, Plaintiffs object to Judge Kuo's recommendation that the court grant the motion to vacate notwithstanding her finding that Defendants' default was willful. Plaintiffs argue that the R&R failed to "place appropriate emphasis on the willful nature" of the default and suggest that such willfulness is, by itself, a sufficient reason to deny the motion. (Obj. at 6-7.)

The Second Circuit has established that "[a] default should not be set aside when it is found to be willful." *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 507 (2d Cir. 1991). It has also noted that of the three factors to be considered in deciding a motion to vacate a default judgment, "willfulness carries the most weight." *De Curtis v. Ferrandina*, 529 F. App'x 85, 86 (2d Cir. 2013). Following that admonition, district courts in this circuit have repeatedly denied motions to vacate default judgments solely on the basis of the defaulting party's willfulness. *See, e.g., Burns v. Kelly Enterprises of Staten Island, LLC,* No. 16-CV-6251 (WFK), 2019 WL 3304883, at *4 (E.D.N.Y. Jul. 23, 2019) (finding that "Defendants' defenses and prejudice to the non-defaulting party . . . do not outweigh Defendants' willful default"); *Kass v. City of New York*, No. 14-CV-7505 (ALC), 2015 WL 8479748, at *4 (S.D.N.Y. Dec. 2, 2015) (denying motion to vacate, without prejudice, on the basis of finding of willfulness without considering the other two factors); *Belizaire v. RAV Investigative & Sec. Servs., Ltd.*, 310 F.R.D. 100, 106 (S.D.N.Y.

2015) (denying motion to vacate based on finding that "a poten-
tially meritorious defense and the absence of prejudice" did not
outweigh "such [a] willful and otherwise inexcusable default[]").

Defendants' default in this case was deliberate, strategic, and
egregious; in other words, it was precisely the kind of willful de-
fault that courts in this circuit have treated as a sufficient basis to
deny vacatur. Thus, notwithstanding the court's obligation to re-
solve doubts in favor of the defaulting party in order to facilitate
a decision on the merits whenever possible, the willfulness of De-
fendants' default renders vacatur inappropriate under the
circumstances. "The interests of sound and efficient judicial ad-
ministration warn against encouraging" willful defaults by
allowing a defendant "who made a strategic decision to default"
to disrupt a final judgment. *Belizaire*, 310 F.R.D. at 106. Because
the court finds that Defendants defaulted strategically, their abil-
ity to raise a meritorious defense and Plaintiffs' minimal evidence
of prejudice do not outweigh Defendants' egregious disregard for
the legal process. The court therefore agrees with Plaintiffs that,
contrary to the recommendation set forth in the R&R, the will-
fulness of the default undercuts the argument for its vacatur.

## IV.    CONCLUSION

For the reasons stated above, the court SUSTAINS Plaintiffs'
(Dkt. 50) objection to the Report & Recommendation, DECLINES
TO ADOPT the (Dkt. 47) Report and Recommendation, and DE-
NIES Defendants' (Dkt. 27) Motion to Vacate the Default
Judgment.

SO ORDERED.


Dated:    Brooklyn, New York
          November 16, 2020


                                          /s/ Nicholas G. Garaufis
                                         NICHOLAS G. GARAUFIS
                                         United States District Judge